NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES PHILLIP ANDERSON, | ) | No. C 10-05392 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) ) | |
| A. WILLIAMS, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, a California inmate currently incarcerated at the San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff claims that he made several items in the prison Hobby Shop which he intended as gifts for family members and friends.  (Compl. at 3.)  When Plaintiff discovered that the items were not mailed, he enquired of Defendant A. Williams, the Hobbycraft Manager at PBSP.  Defendant Williams informed Plaintiff that "'the goon squad confiscated them.'"  (Id.)  Plaintiff seeks compensation for the loss of these items.  Plaintiff also expresses concern about "possible retaliations" by Defendant Williams.

With respect to the loss or destruction of personal property, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, as Plaintiff alleges here.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process).  Accordingly, this property claim is DISMISSED to filing it in state court.  See Barnett v.

1  Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (California law provides such an adequate
2  post-deprivation remedy)(citing Cal. Gov't Code §§ 810-895).[1]

3  With respect to Plaintiff's concerns of retaliation, the claim is premature until and
4  unless Plaintiff can show a deprivation of his right under the First Amendment. "Within
5  the prison context, a viable claim of First Amendment retaliation entails five basic
6  elements: (1) An assertion that a state actor took some adverse action against an inmate
7  (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
8  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably
9  advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th
10 Cir. 2005) (footnote omitted). Accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)
11 (prisoner suing prison officials under § 1983 for retaliation must allege that he was
12 retaliated against for exercising his constitutional rights and that the retaliatory action did
13 not advance legitimate penological goals, such as preserving institutional order and
14 discipline); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same).
15 Accordingly, the retaliation claim is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice to seeking relief in the state courts. The Clerk shall close the file and terminate all pending motions as moot.

IT IS SO ORDERED.

DATED: 2/10/11

JEREMY FOGEL
United States District Judge

---

[1] An inmate is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES P ANDERSON,

        Plaintiff,

  v.

A. WILLIAMS,

        Defendant.

Case Number: CV10-05392 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/22/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Phillip Anderson C-11400
San Quentin Prison
5EY39
San Quentin, CA 94975

Dated: 2/22/11

                                    Richard W. Wieking, Clerk